UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFERY R. BURNETT,

    Plaintiff,

v.

Case No. 2:10-cv-318
HON. GORDON J. QUIST

MAGISTRATE JUDGE
TIMOTHY P. GREELEY, et al.,

    Defendants.
_____/

## OPINION

    Plaintiff Jeffery R. Burnett, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Magistrate Judge Timothy P. Greeley, Senior District Judge R. Allan Edgar, and District Judge Robert Holmes Bell. Plaintiff also names as Defendants Unknown United States Court Judges, Paralegals and Clerks in Michigan, Unknown United States Attorney, Assistant United States Attorneys, and Paralegals and Clerks working for the U.S. Attorney's Office in Marquette, Michigan, Unknown Sixth Circuit Judges, Paralegals and Clerks, United States Marshall Michael Shelley, Assistant Attorney General of Michigan James T. Farrell, Traverse City District Attorney Bradley D. Wierda, and Livonia District Attorney Joseph Nimako. Plaintiff seeks damages and equitable relief. For the reasons set forth below, the court will dismiss Plaintiff's complaint in its entirety.

    Initially, the court notes that Plaintiff has filed numerous civil cases in this court over the last ten years. The majority of these cases have been dismissed as frivolous:

1.     *Burnett v. Quist, et al.*, No. 2:97-cv-322 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

2. *Burnett v. State of Michigan, et al.*, No. 2:97-cv-271 (W.D. Mich. 1997) (dismissed as frivolous on November 24, 1997).

3. *Burnett v. Doctoroff, et al.*, No. 2:97-cv-240 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

4. *Burnett v. Brown, et al.*, No. 2:95-cv-46 (W.D. Mich. 1995) (dismissed as frivolous on March 28, 1995).

5. *Burnett v. McKeague*, No. 2:94-cv-355 (W.D. Mich. 1995) (dismissed as frivolous on March 23, 1995).

6. *Burnett v. Nelson, et al.*, No. 2:94-cv-354 (W.D. Mich. 1995) (dismissed as frivolous and failing to state a claim on February 28, 1995).

7. *Burnett v. Jones, et al.*, No. 2:94-cv-353 (W.D. Mich. 1995) (dismissed as frivolous on February 24, 1995).

8. *Burnett v. Greeley, et al.*, No. 2:94-cv-245 (W.D. Mich. 1994) (dismissed as frivolous on October 13, 1994).

9. *Burnett v. United States, et al.*, No. 2:94-cv-59 (W.D. Mich. 1994) (dismissed as frivolous on May 5, 1994).

10. *Burnett v. Riggle*, No. 2:93-cv-180 (W.D. Mich. 1993) (dismissed as frivolous on October 8, 1993).

11. *Burnett v. Michigan, et al.*, No. 2:93-cv-153 (W.D. Mich. 1993) (dismissed as frivolous on September 14, 1993).

12. *Burnett v. Chippewa County Bar Assoc., et al.*, No. 2:93-cv-152 (W.D. Mich. 1993) (dismissed as frivolous and lacking subject matter jurisdiction on August 23, 1993).

13. *Burnett v. Lake Superior State Univ., et al.*, No. 2:93-cv-119 (W.D. Mich. 1993) (dismissed as failing to state a claim upon which relief may be granted).

14. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

In addition, summary judgment and/or dismissal was granted to defendants in other cases filed by Plaintiff:

1. *Burnett v. Mulhauser*, No. 2:97-cv-161 (W.D. Mich. 1997).

2.  *Burnett v. McDonald*, No. 2:97-cv-159 (W.D. Mich. 1997).

3.  *Burnett v. Chippewa County Sheriff, et al.*, No. 2:93-cv-6 (W.D. Mich. 1994).

4.  *Burnett v. Marquette General Hospital*, No. 2:97-cv-166 (W.D. Mich. 1998).

5.  *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

6.  *Burnett v. Judicial Tenure Commission*, No. 2:97-cv-160 (W.D. Mich. 1998).

Finally, the court notes that Plaintiff failed to prosecute at least two of the cases he filed:

1.  *Burnett v. Ulrich, et al.*, No. 2:97-cv-253 (W.D. Mich. 1997) (dismissed for want of prosecution on October 6, 1997).

2.  *Burnett v. Logsdon, et al.*, No. 2:93-mc-5 (W.D. Mich. 1993).

The matter will be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Initially, the court notes that Plaintiff's complaint in this case is largely incomprehensible. Plaintiff appears to be asserting in his complaint that in prior criminal and civil proceedings, Defendants defamed him and deliberately mishandled his cases.

Plaintiff claims that Defendants Bell, Greeley, Edgar, Farrell, Wierda, and Nimako are responsible for him being convicted of crimes he did not commit in the state courts and for dismissing his previously filed lawsuits in this court as frivolous. With regard to Plaintiff's state court convictions, the court does not have jurisdiction over those claims. The United States Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 546 U.S. 459 (2006). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for

compliance with the Constitution. *See* 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Thus, "[t]he Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " *Lance*, 546 U.S. at 460 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, this Court may not "reverse" the decisions of the state courts.

Moreover, with regard to Plaintiff's claims against Defendants Bell, Greeley, and Edgar, the court notes that a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that Defendants Bell, Greeley, and Edgar were acting within their jurisdiction when ruling on Plaintiff's prior actions in this court. Accordingly, Defendants Bell,

Greeley, Edgar are absolutely immune from liability. Because Defendants Bell, Greeley, and Edgar are clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, Defendant prosecutors are also entitled to absolute immunity for their actions in prosecuting criminal actions against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, the actions of a prosecutor during a criminal trial are part of the prosecutor's role as an advocate. Accordingly, Defendants Farrell, Wierda, and Nimako are entitled to immunity.

The court will therefore dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). In addition, for the same reasons that the court dismisses this action, the court discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

A Judgment consistent with this Opinion will be entered.


Dated: January 19, 2011 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE